UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHARON MUSSEN,

        Plaintiff,

vs.

KAISER FOUNDATION HEALTH PLAN, INC., et al.

        Defendant(s).

No. C 06-01000 MHP

**ORDER RE STANDARD OF REVIEW**

    Plaintiff Sharon Mussen filed this action for review of denial of medical benefits against defendant Kaiser Foundation Health Plan ("Plan") in the Alameda County Superior Court. Defendant removed the action to this court based on this court's federal jurisdiction under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. section 1001 et seq. At issue here is the standard of review that this court must employ to review the Plan's determination.

    In 2000 plaintiff suffered a *grand mal* seizure and was taken to the Kaiser Hospital in Oakland. After a CAT scan she was transferred to the Kaiser Neurosurgery Department in Redwood City where an MRI disclosed a cancerous tumor in her brain. The neurosurgeons proposed a course of treatment which was ultimately rejected by plaintiff and her family and she sought other opinions. She finally decided to proceed with surgery and to have it performed by Dr. Mitchell Berger who was an out-of-plan neurosurgeon. Plaintiff sought approval for an out-of-plan referral, but was denied by Kaiser. After the surgery she

sought reimbursement from the Plan which, after internal appeals, ultimately paid some amounts to the plaintiff. The decision with respect to this surgery is not the one before the court.

The decision at issue here relates to a second proposed surgery in 2004 for which plaintiff sought to return to Dr. Berger. Again, the Plan declined to refer plaintiff to the out-of-plan Dr. Berger. Prior to the surgery plaintiff filed a request for expedited review of the decision of the Department of Managed Health Care ("DMHC"). DMHC referred the decision to the Center for Health Dispute Resolution for review. An independent neurosurgeon reviewed the request and agreed with the Plan. Plaintiff went ahead with the surgery which was performed by Dr. Berger in June 2004. Plaintiff then submitted to the Plan a claim for payment for the surgery. The Plan denied the claim and plaintiff appealed. The Health Plan Regional Appeals Committee ("Committee") upheld the denial on June 23, 2005.

The Committee that reviewed the request included physicians from the Kaiser Permanente Medical Group, Kaiser Hospital representatives and the Health Plan representatives "in consultation with specialists from our Permanente Medical Group". Deft. Memorandum, Ex. C, Letter from Sr. Case Mgr dated June 23, 2005. The reasons given for the denial were that the surgery was provided by a non-plan provider; that plaintiff was "self-referred" and the surgery was "not authorized by us"; and that "appropriate care was available within the Plan". *Id*. at 2.

The pertinent and governing provisions of the plan "*EOC*" state that:

> If your Plan Physician decides that you require covered Services not available from Plan Providers, he or she will recommend to Medical Group that you be referred to a non-Plan Provider inside or outside our Service Area. The appropriate Medical Group designee will authorize the Services if he or she determines that they are Medically Necessary but not available from a Plan Provider. Kaiser Permanente Traditional Plan, etc., PLAN 5-N, EOC Number 5 at 5.

> Under our *Agreement* with your Group, we have assumed the role of a "named fiduciary," a party responsible for determining whether you are entitled to benefits under this *EOC* [Evidence of Coverage]. Also, as a named fiduciary, we have the discretionary authority to review and evaluate claims that arise under this

2

*EOC*. We conduct this evaluation independently by interpreting the provisions of this *EOC*. *Id*. at 44.

Plaintiff now seeks review of the Committee's decision before this court. Before evaluating the decision, the court must determine the standard of review that is proper in light of the plan and the existing case law.

In determining the appropriate standard of review, a court should be guided by principles of trust law. An ERISA plan administrator is in a capacity similar to that of a trustee of a common law trust. A benefit determination by the administrator is a fiduciary act in which the administrator owes a special duty of loyalty to the plan beneficiaries. *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 111 (2008)(citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989)) .

ERISA benefits determinations are to be reviewed *de novo,* unless the plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan. *Id*.

Where an administrator has retained discretionary authority, "trust principles make a deferential standard of review appropriate." *Id*. That deferential standard is one of review for abuse of discretion. *Id*. Thus, the court must first look to the plan documents to make certain that discretion has been unambiguously authorized. *Abatie v. Alta Health & Life Ins. Co.,* 458 F.3d 955, 963 (9th Cir. 2006). Even where the plan authorizes discretionary authority, if the administrator is operating under a conflict of interest the court must then weigh that factor in determining whether there has been an abuse of discretion. *Glenn,* 554 U.S. at 111. Most recently, the Supreme Court emphasized that "[w]e held [in Glenn} that, when the terms of a plan grant discretionary authority to the plan administrator, a deferential standard of review remains appropriate even in the face of a conflict." *Conkright v. Frommert*, ___U.S.___, 130 S.Ct. 1640, 1646 (2010). This "means only that the plan administrator's interpretation of the plan 'will not be disturbed if reasonable.'". *Id*. at 1651 (quoting *Firestone*, 489 U.S. at 111).

3

The language of the plan quoted above clearly grants the "named fiduciary" "discretionary authority to review and evaluate claims". *EOC,* "Named Fiduciary" at 44. Plaintiff seeks to parse the language of this paragraph which consists of three sentences. Plaintiff's parsing misreads the paragraph. First of all, there is no reason to separate the three sentences into separate concepts, as plaintiff attempts. The sentences are all of a part under the single heading entitled "Named Fiduciary". The heading and paragraph are one of many under the "Definitions" section of the plan. This paragraph must be read as a whole. That is clearly the intent of the drafter as evidenced by a review of the plan document. The drafter is not required to cobble together all three sentences into a long cumbersome one in order to convey that discretionary authority is intended within the meaning of *Firestone, Glenn* and *Conkright*.

Secondly, the second sentence overcomes the contrived construction proffered by plaintiff. The sentence commences "[a]lso, as a named fiduciary", thus incorporating the definition of sentence one so that the "party responsible for determining whether you are entitled to benefits..." is incorporated into the second sentence. That sentence continues "*we* have the discretionary authority to review and evaluate claims...." *EOC* at 44. (emphasis added). "We" is defined as the Plan in the Introduction, which is the first paragraph of the plan document.

Finally, the third sentence also makes clear that the Plan interprets the provisions of the plan document or *EOC*.

Plaintiff's misguided effort at grammatical construction is of no avail in the face of a clear reading of the straight forward paragraph that gives the "Named Fiduciary" the kind of discretion contemplated by *Firestone, Glenn* and *Conkright.*

Having found that the Plan has discretionary authority, the court finds that the standard of review is a deferential standard or abuse of discretion. The sole remaining question is whether the Plan was operating under a conflict of interest in the determination and review of plaintiff's claim. If the answer is in the affirmative, then that factor must be

4

1 taken into consideration by the court in deciding whether there was an abuse of discretion.
2 *Glenn*, 554 U.S. at 111. As *Glenn* explained, and was restated in *Conkright*, finding a conflict
3 does not convert the standard of review to a *de novo* standard; it merely means that in
4 applying the abuse of discretion standard the court takes into account the nature, extent
5 and effect of the conflict along with other considerations, "often case-specific... reaching a
6 result by weighing all together." *Glenn,* 554 U.S. at 116-17.

7 It is highly unlikely that a conflict of interest can be found given the structure and
8 participants of the review procedure which included review by the Regional Appeals
9 Committee. This is the same procedure that was upheld in *Barnett v. Kaiser Foundation*
10 *Health Plan, Inc.*, 32 F.3d 413 (9th Cir, 1994). Barnett found that the plan "explicitly vested
11 Kaiser [Plan] with discretionary power to determine eligibility for benefits and to construe
12 the terms of the agreement". *Id*. at 415; *see also Jacobs v. Kaiser Foundation Health Plan, Inc.*,
13 26 Fed. Appx. 652, 654, 2008 WL 268027, at *1 (9th Cir. Jan. 30, 2008)(plan "unambiguously
14 conferred on Kaiser [Plan] the discretionary authority to interpret terms of the plan and
15 make final benefits determinations, [therefore] we review Kaiser's denial of benefits under
16 an abuse of discretion standard...."). The Plan here is the same non-profit Plan which was
17 the defendant in Barnett. Here, also, the "ultimate decision" was made by a Committee
18 including physicians from the Permanente Medical Group and Permanente Hospital in
19 consultation with specialists of the Group. The Committee here found that "appropriate
20 care was available within the Plan" and "there is the capacity and competency" to perform
21 the required procedures. Ex. C at 2. Its decision stated that the Plan "has offered
22 medically appropriate and indicated services" and continues with a lengthy description of
23 the procedures and services that could be provided.

24 The fact that plaintiff went out-of-plan for her surgery four years earlier does not, in
25 and of itself, make a compelling reason for doing the same four years later. The
26 Committee's decision also explained its rejection of that argument and gave a thorough
27 analysis of all of the reasons for its decision. The court finds that the abuse of discretion
28

5

1  standard applies in this case.  Absent a showing that the Plan acted out of a conflict of
2  interest or bias;  provided inconsistent reasons for its decision;  failed to adequately
3  investigate the claim and to obtain evidence in support of it; or that the Plan has a history
4  of erroneously denying claims that standard need not be tempered.  *See, e.g.*, *Abatie*, 458
5  F.3d at 967-69.
6  　　　In accordance with the foregoing, the court finds that the plan in this case
7  unambiguously vests discretionary authority in the Plan to interpret the terms of the plan
8  and make final benefit determinations.  Therefore, the abuse of discretion standard of
9  review applies in this case.  If plaintiff can establish that there are other factors or
10 considerations, such as those enumerated above, that the court must take into account in its
11 review, plaintiff may bring them forward at the time of review of the Plan's decision.

　　　IT IS SO ORDERED.

Date: August 11, 2011

　　　　　　　　　　　　　　　　　　　　　　MARILYN HALL PATEL
　　　　　　　　　　　　　　　　　　　　　　United States District Court Judge
　　　　　　　　　　　　　　　　　　　　　　Northern District of California